UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,      :
                                                :     CASE NO. 1:01-CR-474
          Plaintiff,                       :
                                                :
     v.                                      :     OPINION & ORDER
                                                :     [Resolving Doc. Nos. 39, 59, 60]
DENZIL T. MOORE,                   :
                                                :
          Defendant.                    :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Denzil T. Moore files a motion to withdraw his guilty plea. [Doc. 39.] The Defendant also requests that this Court compel the government to answer his motion to withdraw the guilty plea, [Doc. 59], and permit the Defendant to supplement the motion, [Doc. 60]. For the following reasons, this Court **DENIES** Defendant's motions.

On December 17, 2001, a Grand Jury charged Moore with three counts: (1) possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1); (2) possession with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B); and (3) prohibited person in possession of a firearm or ammunition in violation of 18 U.S.C. § 922(g)(1). [Doc. 6]. On May 28, 2002, Moore pled guilty to Count 1 of the indictment pursuant to a written plea agreement. [Doc. 24.] As part of the plea agreement, the government moved to dismiss, and the court dismissed, Count 2 and 3 at the time of sentencing. On September 3, 2002 Judge Peter C.

Case No. 1:01-CR-474
Gwin, J.

Economus sentenced Moore to 262 months imprisonment and ten years supervised release. Judge Economus also imposed restitution in the amount of $5,991.66 and a $100 special assessment. [Doc. 29.] On February 6, 2003, the Sixth Circuit dismissed Moore's direct appeal as untimely, and denied his motion for a stay of sentence as moot. [Doc. 37.] Moore filed the instant motion on September 2, 2005. [Doc. 39.]

Moore alleges that the government violated the terms of his plea agreement by filing a sentencing enhancement under 21 U.S.C. § 851 on the morning of the plea hearing, but waiting until after Moore had signed the plea agreement to provide Moore and his attorney with a copy of the enhancement. Moore adds that he objected to the enhancement, but was told to reserve his objection for sentencing. He argues that the government's untimely notice constitutes a breach of the plea agreement, and thus that the Court should permit Moore to withdraw his plea. [Doc. 39.]

Federal Rules of Criminal Procedure 11(d) provides that a "defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence" if the court rejects a plea agreement or the defendant "can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2). The Sixth Circuit Court of Appeals has noted that "[t]he purpose of Rule 11(d) is to allow a 'hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty.'" *United States v. Dixon,* 479 F.3d 431, 436 (2007) (citing *United States v. Alexander,* 948 F.2d 1002, 1004 (6th Cir.1991)).

Moore did not file his motion to withdraw his guilty plea until September 2, 2005, approximately three years after his guilty plea and sentencing. Thus, because the Defendant did not present it before sentencing, this Court lacks jurisdiction to consider the motion. Fed. R. Crim. P.

Case No. 1:01-CR-474
Gwin, J.

11(d)(2). Although a defendant may move to withdraw his guilty plea on direct appeal or under 28 U.S.C. § 2255, the Sixth Circuit dismissed Moore's direct appeal as untimely, [Doc. 37], and denied his motion to file a second or successive § 2255 motion with this Court, [Doc. 51].

Additionally, even if Moore had timely filed his motion, the Court finds that he fails to present a fair and just reason for requesting the withdrawal. *See* Fed. R. Crim. P. 11(d)(2)(B). In evaluating whether a defendant has presented a "fair and just reason" to withdraw his guilty plea, courts consider several factors, including: (1) the amount of time between the plea and the motion to withdraw; (2) whether the defendant presents a valid reason for his failure to raise the issue earlier; (3) whether the defendant maintains his innocence; (4) the circumstances of entering the guilty plea; (5) the defendant's nature and background; (6) the defendant's prior experience with the criminal justice system; and (7) any potential prejudice to the government in granting the withdrawal. *United States v. Ellis*, 470 F.3d 275, 281 (6th Cir. 2006) (citing *United States v. Bashara,* 27 F.3d 1174, 1181 (6th Cir. 1994), *superseded on other grounds by statute*).

Judge Economus accepted Moore's guilty plea after a full and detailed plea change colloquy. Though Moore now challenges the sentencing enhancement filed by the government, he made no such objection when the enhancement was brought to the court's attention. The government plainly stated that one of Moore's previous convictions would serve as a signal for enhancement, naming the offense, date, docket number, and court of conviction. [Plea Hearing Tr. 8:5-14.] Judge Economus explained that such an enhancement would double the original sentence for the cocaine trafficking charge, and Moore confirmed that he understood this consequence. [Plea Tr. 9:6-11.] Moore also stated that there was nothing about the plea agreement that he did not understand and that his plea had not been induced by any other promises or assurances. [Plea Tr. 15.] After an extensive

Case No. 1:01-CR-474
Gwin, J.

colloquy, Judge Economus found that Moore had entered his plea freely and voluntarily with full knowledge of the consequences. [Plea Tr. 28:18-24.] At sentencing, Moore objected to a two-level increase from his firearm possession, on the grounds that it might affect his eligibility for drug and other programs with the Board of Prisons. [Sentencing Hearing Tr. 5:11-6:11.] However, Judge Economus noted that Moore's classification as a career offender would obscure the increase.[1/] [Sentencing Tr. 6:12-19.] Moore raised no other objection to the sentence, other than a generalized objection to crack-cocaine sentencing under the U.S. Sentencing Guidelines. [Sentencing Tr. 13:3-21.]

That Moore filed the instant motion nearly three years after Judge Economus announced his sentencing decision strongly suggests that Moore is impermissibly attempting to utilize Rule 11(d) to second-guess his earlier decision to plead guilty and his understood sentence. Moore has made no assertions of actual innocence. Moreover, his case has been pending for over nine years, creating a significant risk of prejudice to the government should the Court allow Moore to withdraw his plea.

For the reasons stated above, this Court **DENIES** Defendant Moore's motion to withdraw his guilty plea. The Court also **DENIES** Moore's motion to compel the government to answer and to supplement his motion to withdraw as moot.

IT IS SO ORDERED.

Dated: December 21, 2007                 s/    *James S. Gwin*
                                         JAMES S. GWIN
                                         UNITED STATES DISTRICT JUDGE

---

[1/] Judge Economus further agreed to furnish the Board of Prisons with a transcript of the sentencing hearing, so that they could review the grounds for Moore's objection to the two-level increase when determining eligibility for drug treatment programs.

-4-