UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
:
UNITED STATES OF AMERICA, :
: CASE NO. 1:01-CR-474
Plaintiff, :
:
v. : OPINION & ORDER
: [Resolving Doc. No. 64]
DENZIL T. MOORE :
:
Defendant-Petitioner. :
:
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Denzil T. Moore moves, *pro se*, for a writ of *audita querela* under the All Writs Act, challenging his conviction based on the government's alleged failure to disclose exculpatory materials under *Brady v. Maryland*, 373 U.S. 83 (1963). [Doc. 64.] The government opposes the motion. [Doc. 65.]

On May 28, 2002, Moore pled guilty to possession with intent to distribute cocain base, in violation of 21 U.S.C. § 841(a)(1), pursuant to a written plea agreement. [Doc. 24.] On September 3, 2002 Judge Peter C. Economus sentenced Moore to 262 months imprisonment and ten years supervised release. [Doc. 29.] The Sixth Circuit dismissed Moore's direct appeal as untimely and denied his motion to stay his sentence as moot. [Doc. 37.] This Court denied each of Moore's subsequent collateral challenges to his conviction and sentence under 28 U.S.C. § 2255, and the Sixth Circuit twice denied Moore's motions for permission to file a second or successive § 2255

Case No. 1:01-CR-474
Gwin, J.

petition. *See In re Moore*, No. 08-3871 (6th Cir. Dec. 8, 2008) (denying permission to file a successive § 2255 motion); *In re Moore*, No. 09-3962 (6th Cir. Mar. 3, 2010) (again denying permission to file a successive § 2255 motion).

Moore now seeks relief under the All Writs Act, challenging his conviction through a writ of *audita querela*. Yet because Moore's requested relief is specifically available under § 2255, Moore may not seek such relief under a writ of *audita querela* without adhering to § 2255's requirements. *See Carlisle v. United States*, 517 U.S. 416, 428-29 (1996) ("[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." (internal quotations omitted)); *cf. United States v. Carter*, 500 F.3d 486, 489-90 (6th Cir. 2007) (explaining that where a motion titled as a Federal Rule of Civil Procedure 60(b) or a 18 U.S.C. § 3582 motion attacks the petitioner's conviction or sentence, the motion should be construed as a § 2255 motion, subject to § 2255's authorization process). Indeed, Moore previously requested permission to file a successive § 2255 petition to assert the same *Brady* claims he brings in the instant motion. *See In re Moore*, No. 08-3871 (6th Cir. Dec. 8, 2008) (denying Moore permission to file a successive § 2255 motion challenging his conviction, in part, for the prosecution's failure to disclose favorable evidence). The Court thus construes Moore's motion as a § 2255 petition.

Before a district court may entertain a petitioner's successive § 2255 petition, however, the petitioner must obtain permission from the Court of Appeals to file the second or successive petition in the district court. 28 U.S.C. §§ 2244(3)(b), 2255(h). Because Moore has not sought or received approval from the Sixth Circuit for this motion properly designated as a successive § 2255 petition, the Court **DENIES** Moore's motion.

Case No. 1:01-CR-474
Gwin, J.

      IT IS SO ORDERED.


Dated: June 7, 2011                      s/       *James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE