UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                            :
UNITED STATES OF AMERICA     :      CASE NO. 1:01-CR-00474
                                            :
         Plaintiff,                      :
                                            :
     v.                                    :      ORDER
                                            :      [Resolving Doc. 83]
DENZIL T. MOORE,              :
                                            :
         Defendant.                   :
                                            :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Denzil T. Moore has filed a motion to reduce his term of imprisonment pursuant to Amendment 782 to the Sentencing Guidelines.[1/]  The government opposes.[2/]  For the following reasons, this Court **DENIES** the Defendant's motion.

Moore pled guilty to one count of possession with the intent to distribute cocaine base.[3/]  At sentencing on September 3, 2002, the Court found that Moore was a career offender and that his offense level was higher than it would have been if he were not a career offender.[4/]  The Court sentenced Moore to 262 months' imprisonment.[5/]

In general, district courts lack jurisdiction to modify a final judgment of conviction that includes a term of imprisonment.[6/]  One limited exception comes from 18 U.S.C. § 3582(c)(2), which permits reductions in imprisonment terms "in the case of a defendant who has been sentenced to a

---

[1/] Doc. 83.
[2/] Doc. 84.  Moore has filed a reply.  Doc. 85.
[3/] Doc. 24.
[4/] Doc. 30 at 6.
[5/] *Id.* at 16-17.
[6/] *Dillon v. United States*, 560 U.S. 817, 824 (2010) (citing 18 U.S.C. § 3582(b) (2012)).

Case No. 1:01-CR-00474
Gwin, J.

term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . ."[7]

As is clear from the statutory text, for a Guidelines amendment to trigger the § 3582(c)(2) exception, the original term of imprisonment must have been "based on a sentencing range that has subsequently been lowered by the Sentencing Commission." The Sentencing Guidelines Manual repeats these limitations when it specifies that a Guidelines amendment does not justify a reduction in the term of imprisonment if it "does not have the effect of lowering the defendant's applicable guideline range."[8] This policy statement is binding on the Court.[9]

Moore assets that Amendment 782, which the Sentencing Commission has made retroactive,[10] lowers the offense level that should be used to compute his Guidelines range. That amendment reduces the offense level applicable to many drug crimes. It does not, however, alter the career offender provisions of the Guidelines.

Because Moore's Guidelines range was based on the career offender provisions, Amendment 782 does not reduce his applicable Guidelines range. This conclusion is consistent with the Sixth Circuit's treatment of past Guidelines amendments that did not alter the Guidelines' career offender provisions.[11]

Because Moore's term of imprisonment was not based on a guidelines range lowered by Amendment 782, that amendment provides no basis to reduce his term of imprisonment. The Court

---

[7] 18 U.S.C. § 3582(c)(2) (2012).
[8] U.S. Sentencing Guidelines Manual § 1B1.10(a)(2)(B).
[9] *See Dillon*, 560 U.S. at 824-25.
[10] U.S. Sentencing Guidelines Manual § 1B1.10(d).
[11] *See, e.g.*, *United States v. Riley*, 726 F.3d 756 (6th Cir. 2013).

Case No. 1:01-CR-00474
Gwin, J.

thus **DENIES** Moore's motion.

   IT IS SO ORDERED


Dated: February 11, 2015          s/  *James S. Gwin*
                      JAMES S. GWIN
                      UNITED STATES DISTRICT JUDGE