UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>vs.<br><br>DENZIL T. MOORE,<br><br>    Defendant. | CASE NO. 1:01-cr-474<br><br>ORDER<br>[Resolving Doc. 102] |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In 2015, Denzil Moore filed an 18 U.S.C. § 3582 motion for a sentence reduction under U.S. Sentencing Guidelines ("Guidelines") Amendment 782. Although Amendment 782 retroactively reduced the Guidelines offense levels for many drug crimes, the Court found that Moore's sentence was based on the career-offender Guidelines provisions, that were unaffected by Amendment 782.[1]

A few years later, Moore tried again.[2] He argued that *Hughes v. United States*[3] was intervening law that newly entitled him to a § 3582 sentence reduction under Amendment 782. On September 28, 2018, this Court found otherwise and denied his motion.[4] Moore filed a notice of appeal from the September 28, 2018 order on October 12, 2018.[5]

---

[1] Doc. 86.

[2] Since at least 2008, courts have repeatedly found that Moore's sentence was based on his career-offender status. *E.g.*, Doc. 46 (Nov. 20, 2008) (denying Moore's 18 U.S.C. § 3582(c)(2) motion "[b]ecause Defendant was sentenced based upon his career offender status rather than the applicable offense level for the particular offense or the statutory mandatory minimum sentence (240 months)"); Sixth Circuit Decision, Doc. 53 (June 26, 2009) (affirming the district court's order because "Moore's sentence was derived from his status as a career offender rather than the quantity of cocaine base for which he was held responsible").

[3] *Hughes v. United States*, 138 S. Ct. 1765 (2008).

[4] Doc. 98.

[5] Doc. 100.

Case No. 1:01-cr-474
Gwin, J.

At issue is Moore's motion for reconsideration of the September 28, 2018 decision.[6] Moore filed this motion four days after his notice of appeal.

The Court denies Moore's motion for reconsideration. Moore's notice of appeal divested this Court of jurisdiction because his appeal involves the same issues as his motion for reconsideration.[7]

Moreover, even if the Court had jurisdiction over Moore's motion, the Court still would not grant it. The Court grants motions to reconsider[8] only if the movant has shown a clear error of law, an intervening change in controlling law, newly discovered evidence, or that manifest injustice requires it.[9] Moore has not done so.

The cases Moore cites in his motion are neither new nor relevant. And instead of offering new evidence or showing why manifest injustice compels a contrary result, Moore repeats the same argument that courts have rejected since at least 2008[10]: that his sentence was not based on the career-offender Guidelines. The Court stands by its prior rulings.

For the reasons stated, the Court **DENIES** Moore's motion for reconsideration.

IT IS SO ORDERED.

Dated: February 4, 2019      *s/ James S. Gwin*
                                                            JAMES S. GWIN
                                                            UNITED STATES DISTRICT JUDGE

---

[6] Doc. 102. The United States opposes. Doc. 104. Defendant Moore replies. Docs. 106, 109.

[7] *See* Appellant's Brief, *Moore v. United States*, No. 18-4030, Doc. 8; *Williamson v. Recovery Ltd. P'ship*, 731 F.3d 608, 626 (6th Cir. 2013) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." (quoting *Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982))).

[8] The Federal Rules of Civil Procedure do not describe motions to reconsider. Courts in this circuit, however, may treat motions for reconsideration as Federal Rule of Civil Procedure 59(e) motions to alter or amend a judgment. *Smith v. Hudson*, 600 F.2d 60, 62 (6th Cir. 1979).

[9] *Gencorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999).

[10] *See supra* note 2.